UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>RICARDO RAMOS-TADEO,<br><br>　　　　　　　　Defendant. | NO:  CR-10-6033-RMP-1<br><br>ORDER ADDRESSING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO VACATE |

Before the Court is Defendant's Motion for Reconsideration of the Order Vacating Order Accepting Guilty Plea (Ct. Rec. 58) and Defendant's Motion to Vacate Order Accepting Guilty Plea (Ct. Rec. 73). A hearing was held in the case on February 17, 2011, in Yakima, Washington. The Court has reviewed the file and motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court.

**BACKGROUND**

This case was previously before Judge Van Sickle and was transferred to this Court. Previously, the Defendant was willing to enter a guilty plea, but was unwilling to admit to a prior deportation date charged in the indictment and

ORDER ADDRESSING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO VACATE ~ 1

unwilling to enter a plea to the indictment which listed a previous deportation date (Ct. Rec. 57 at 1).

A change of plea hearing was held before Judge Quackenbush on July 23, 2010.[1] Because of Defendant's refusal to admit the prior deportation, the government objected to the Defendant's entry of guilty plea (Ct. Rec. 57 at 1). The government insists on the inclusion of the previous deportation date for sentencing enhancement purposes (Ct. Rec. 57 at 1). Specifically, the date would enable the government to prove that the Defendant was deported after an aggravated felony conviction (Ct. Rec. 45-2 at 10).

At the change of plea hearing, Judge Quackenbush stated that he would proceed with the plea, but would not make any finding as to whether or not the plea should be accepted: "Well, why don't we go ahead with the plea. I won't make any finding as to whether or not the plea should be accepted, and we'll have a transcript prepared for Judge Van Sickle" (Ct. Rec. 45-2 at 11).

However, at the end of the hearing Judge Quackenbush stated that he accepted the guilty plea and filed an order stating such (Ct. Rec. 32). Defendant then filed a motion claiming that the Government was collaterally estopped from

---

[1] Judge Quackenbush presided over the change of plea hearing for Judge Van Sickle.

ORDER ADDRESSING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO VACATE ~ 2

seeking a sentencing enhancement, claiming that Judge Quackenbush had unconditionally accepted the guilty plea (Ct. Rec. 44). The Government responded (Ct. Rec. 45), and Defendant replied (Ct. Rec. 46).

Judge Van Sickle ruled on the motions, finding that Judge Quackenbush's acceptance of Defendant's guilty plea was, at most, conditional (Ct. Rec. 57 at 2). To have the record properly reflect the history of the case, Judge Van Sickle vacated Judge Quackenbush's written order accepting Defendant's guilty plea (Ct. Rec. 57). To address any speedy trial issues, Judge Van Sickle ruled that Defendant's plea was "withdrawn" and cited 18 U.S.C. 3161(i) as support for resetting the speedy trial clock to the date of his order (Ct. Rec. 57 at 2).

Defendant filed a motion for reconsideration (Ct. Rec. 58). The government responded (Ct. Rec. 66), and Defendant replied (Ct. Rec. 68). In his motion to reconsider, Defendant claimed that Judge Quackenbush had unconditionally accepted the plea and that the Government was collaterally estopped from seeking a sentencing enhancement. Defendant also challenged the case law cited by Judge Van Sickle and challenged Judge Van Sickle's speedy trial finding (Ct. Rec. 58). Additionally, Defendant argued that if Judge Quackenbush had only conditionally accepted the plea, then Judge Van Sickle would have to recuse himself from the case if he had viewed Defendant's Presentence Investigation Report.

ORDER ADDRESSING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO VACATE ~ 3

In their response, the Government disputed Defendant's position with the exception of agreeing that (1) there was a speedy trial error, and (2) that Judge Van Sickle would have to recuse if he had viewed the Defendant's Presentence Investigation Report (Ct. Rec. 66).[2] Judge Van Sickle held a hearing on the motion to reconsider, recused himself from the case, and did not rule on Defendant's Motion for Reconsideration.

Defendant also filed a Motion to Vacate Order Accepting Guilty Plea (Ct. Rec. 73)[3]. In his memorandum in support of the motion, Defendant requests that this Court vacate Ct. Rec. 57 which is Judge Van Sickle's order vacating Judge Quackenbush's order accepting the guilty plea (Ct. Rec. 74 at 2). Defendant argues that Judge Van Sickle's order vacating the order accepting the guilty plea is

---

[2] Under Fed. R. Cr. P. 32(e)(1), "[u]nless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty." *In re Gallaher,* 548 F.3d 713, 717 (9th Cir. 2008).

[3] Defendant's motion appears to contain an incorrect caption, because Defendant argues in the supporting memorandum that this Court should vacate Judge Van Sickle's order vacating Judge Quackenbush's order accepting the guilty plea (Ct. Rec. 74 at 1).

ORDER ADDRESSING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO VACATE ~ 4

the "functional equivalent of an order rejecting the guilty plea" (Ct. Rec. 74 at 2). The Government did not respond to the motion.

## DISCUSSION

1. **Motion For Reconsideration**

    a. **Judge Quackenbush did not unconditionally accept Defendant's Guilty Plea**

Having reviewed the record, the Court finds that Judge Quackenbush intended, at best, to conditionally accept Defendant's plea ("Well, why don't we go ahead with the plea. I won't make any finding as to whether or not the plea should be accepted, and we'll have a transcript prepared for Judge Van Sickle." (Ct. Rec. 45-2 at 11)). Accordingly, the Court finds that there has been no unconditional acceptance of Defendant's plea.

    b. **Mendoza-Zargoza**

In his motion for reconsideration, Defendant challenges Judge Van Sickle's reliance on *United States v. Mendoza-Zaragoza*, 567 F.3d 431, 436 (2009) (Ct. Rec. 59 at 4). Specifically, Defendant challenges Judge Van Sickle's statement that, "the Court finds that for the plea to be valid, Defendant must enter a guilty plea to the indictment or admit to the date of removal." *United States v. Mendoza-Zaragoza*, 567 F.3d 431, 436 (2009) (Ct. Rec. 57 at 2). Defendant argues that *Mendoza-Zaragoza* does not hold that the admission to the date of the prior

ORDER ADDRESSING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO VACATE ~ 5

deportation is required, but rather that the trial court did not abuse its discretion in requiring the Defendant to admit the deportation date before accepting the plea.

Defendant is correct about the holding of *Mendoza-Zaragoza*. However, the Court does not read Judge Van Sickle's order as a misstatement of *Mendoza-Zaragoza*, but rather as support for Judge Van Sickle's discretionary power to require that the Defendant admit to the deportation date. This Court also uses its discretion to require that Defendant admit to the deportation date in a change of plea hearing, or alternatively, proceed to trial.

### c. Speedy Trial and 18 U.S.C. § 3161(i).

In the motion for reconsideration, Defendant also argues that Judge Van Sickle's use of 18 U.S.C. § 3161(i) to reset the trial clock was in error. Furthermore, Defendant gives notice that his speedy trial rights appear to have been violated. Defendant states that he was arraigned on April 21, 2010. No motion was filed until May 12, 2010, twenty one (21) days later. A speedy trial waiver was signed on June, 18, 2010, and waived speedy trial time through August 16, 2010 (Ct. Rec. 29). However, since Defendant's plea was never accepted, Defendant argues that the period from August 17, 2010, to November 19, 2010, cannot be excluded, and that upon the Defendant's motion, this Court is required to dismiss the indictment for violation of speedy trial rights (Ct. Rec. 59 at 4).

The Government agrees that use of 18 U.S.C. § 3161(i) to reset the speedy trial clock is improper because the plea was never accepted.  The Court may exclude time pursuant to 18 U.S.C. § 3161(i) only when a Defendant has entered a plea of guilty or nolo contendere and subsequently withdraws the plea (Ct. Rec. 66 at 6).  The government also agrees that a motion to dismiss may be a proper remedy, but argues, without citing to authority, that the Court could make an ends of justice finding to remedy the speedy trial violation (Ct. Rec. 66 at 6).

A court may exclude time from the speedy trial clock when granting a continuance if the court also makes an ends of justice finding.  18 § 3161(h)(7)(A). Any party or the court can make a motion for a continuance.  (*Id.*).  The Ninth Circuit has allowed the factual findings to be made after the continuance has been granted.  See e.g., *United States v. Bryan*, 726 F.2d 510 (9th Cir. 1984) (a court granting an "ends of justice" continuance does not need to contemporaneously set down the required factual predicate for its determination).  However, the Court has found no case supporting the proposition that the court can both order a continuance and make an "ends of justice" finding retroactively.  The Court declines to do so in this case.

Accordingly, the Court finds that Defendant's speedy trial rights have been violated.  The Court will dismiss the case upon the Defendant's motion.  18 U.S.C. § 3162(a)(2).

ORDER ADDRESSING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO VACATE ~ 7

**2. Motion to Vacate Order Accepting Guilty Plea**

As stated previously, the Defendant argues that Judge Van Sickle's order vacating Judge Quackenbush's order accepting the guilty plea is the functional equivalent of an order rejecting the guilty plea. The Order Vacating the Guilty Plea clarified the record and reflected Judge Van Sickle's finding that Judge Quackenbush had not unconditionally accepted a guilty plea.

This Court, having not read any presentence investigation reports, agrees with Judge Van Sickle's finding that Judge Quackenbush had not unconditionally accepted a guilty plea. However, out of caution that Judge Van Sickle's order vacating Judge Quackenbush's order accepting the guilty plea could be construed as procedurally violating *Gallaher*, this Court Grants Defendant's Motion (Ct. Rec. 73) to Vacate Judge Van Sickle's Order Vacating Order Accepting Guilty Plea and Order Scheduling Matter For Trial (Ct. Rec. 57). At the same time, because of this Court's finding *supra* that Judge Quackenbush had not unconditionally accepted a guilty plea, this Court re-vacates Judge Quackenbush's order accepting guilty plea (Ct. Rec. 32). Accordingly,

1. Defendant's Motion for Reconsideration of the Order Vacating Order Accepting Guilty Plea (**Ct. Rec. 58**) is **GRANTED IN PART AND DENIED IN PART** as outlined above.

ORDER ADDRESSING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO VACATE ~ 8

2. Defendant's Motion to Vacate (**Ct. Rec. 73**) is **GRANTED**. Ct. Rec. 57 is VACATED and Ct. Rec. 32 is RE-VACATED.

3. Defendant's speedy trial rights have been violated and pursuant to 18 U.S.C. § 3162(a)(2), and the Court would dismiss the case upon the Defendant's motion to dismiss.

4. A pretrial conference is **SET** for **March 1, 2011** at **1:30 p.m.** in **Yakima**, WA. Trial is **SET** for **March 14, 2011**, in **Yakima**, WA.

5. All time from the filing of Defendant's Motion on November 19, 2010, to the date of the hearing on February 22, 2011 is EXCLUDED for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(D).

    The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 23th day of February, 2011.

                           *s/ Rosanna Malouf Peterson*
                         ROSANNA MALOUF PETERSON
                        Chief United States District Court Judge

ORDER ADDRESSING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO VACATE ~ 9