UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>RICARDO RAMOS-TADEO,<br><br>                Defendant. | NO:  CR-10-6033-RMP-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT |

BEFORE the Court is Defendant's Motion to Dismiss the Indictment for violation of Defendant's Speedy Trial Act Rights (Ct. Rec. 82). A hearing was held in the case on March 1, 2011 in Yakima, Washington. The Defendant was present and represented by Assistant Federal Defender Kraig Gardner and assisted by Court-certified interpreter Rea Bump. The Government was represented by Assistant United States Attorney Alexander C. Ekstrom. The Court has reviewed the file and motions, heard from counsel, and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court.

In the Court's previous order, Ct. Rec. 81, the Court had determined that Defendant's Speedy Trial Act rights had been violated and stated that the Court

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT ~ 1

would dismiss the indictment upon the Defendant's motion to dismiss.  Defendant filed the pending motion to dismiss, Ct. Rec. 82.  The remaining issue is whether the indictment should be dismissed with or without prejudice.

### Applicable Law

"When making the determination whether a complaint should be dismissed with prejudice or without prejudice, the district court must conduct a hearing on notice, make factual findings, and apply these three factors." *United States v. Penia-Carrillo,* 46 F.3d 879, 882 (9th Cir. 1995).  The factors are (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; (3) and the impact of a re-prosecution on the administration of this chapter and on the administration of justice.  18 U.S.C. § 3162(a)(2); *United States v. Pena-Carrillo*, 46 F.3rd 879, 882 (9th Cir. 1995).

### Discussion

The Court finds that the offense with which the Defendant is charged is a serious one and that much of the delay in this case is the result of Defendant's attempt to enter an insufficient plea to avoid a sentencing enhancement.  Further delay resulted from the extensive briefing and legal arguments as to Defendant's challenge as to whether his statements in the first change of plea hearing were sufficient to enter a plea of guilty.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT ~ 2

The Court finds that the majority of the delay was caused by the Defendant. Having considered the factors, the Court finds that the appropriate remedy in this case is to dismiss the indictment without prejudice. Accordingly,

1. Defendant's Motion to Dismiss the Indictment (**Ct. Rec. 82**) is **GRANTED**.

2. The indictment is hereby **DISMISSED WITHOUT PREJUDICE**.

The District Court Executive is directed to enter this Order, provide copies to counsel and **CLOSE this FILE**.

**DATED** this 2nd day of March, 2011.

>             *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT ~ 3